```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
KRISTIN E. TUTTLE,

                        Plaintiff,              05-CV-0822-A

        v.                                      DECISION
                                                and ORDER
MICHAEL J. ASTRUE,¹
Commissioner of Social Security

                        Defendant.
_____
```

### INTRODUCTION

Defendant Michael J. Astrue, the Commissioner of Social Security ("The Commissioner"), brings this motion to dismiss a civil action brought by Plaintiff Kristin E. Tuttle, for review of the denial of her claim for Social Security Disability Insurance Benefits.[2] Specifically, the Defendant claims that the Plaintiff's action should be dismissed by this court for lack of jurisdiction because the Plaintiff's request for judicial review was untimely based on the requirements of the Social Security Act ("The Act").

### BACKGROUND

On October 3, 2002, Plaintiff filed an application for Social Security Disability Insurance Benefits (Herbst Decl., Exhibit 1 at

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for his predecessor Commissioner JoAnne B. Barnhart as the proper defendant in this suit.

[2] This case was transferred to the undersigned by the Honorable Richard Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated January 10, 2008.

4).  Plaintiff claimed an inability to work since February 22, 2002 (Herbst Decl., Exhibit 1 at p. 4).  Plaintiff's application was denied initially, and she then filed a timely request for a hearing before an ALJ (Herbst Decl., Exhibit 1 at p. 4).

In a decision dated January 13, 2005, the ALJ found that the plaintiff was not disabled within the meaning of The Act (Herbst Decl., Exhibit 1 at p.4-16). Plaintiff appealed the ALJ's decision to the Social Security Appeals Council ("Appeals Council"), and the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on January 13, 2005 (Herbst Decl. at 3 and Herbst Decl., Exhibit 1 at p. 1-3).[3]  The Plaintiff then sought judicial review of the Commissioner's decision by filing a civil action in this court on November 21, 2005.[4]

## DISCUSSION

42 U.S.C. § 405(g) and (h) grant jurisdiction to district courts to hear claims based on the denial of Social Security benefits.  Section (g) begins with the following provision:

---

[3] Plaintiff's complaint and Defendant's brief state that the Appeals Council denied the Plaintiff's request for review of the ALJ's decision on July 1, 2005.  However, the declaration of Patrick J. Herbst (Herbst Decl. at p. 3) and the decision document itself (Herbst Decl., Exhibit 1 at p. 1-3) state that the Appeals Council's decision to deny review occurred on January 13, 2005.  For purposes of this decision, the January 13, 2005 date will be considered the date of denial of review of the Plaintiff's case by the Appeals Council.

[4] The Plaintiff's complaint is dated August 29, 2005, but the docket sheet reflects that the complaint was filed and entered on November 21, 2005.  Accordingly, the date the complaint was actually filed and entered with the court is controlling.

> *"(g)Judicial review*
>
> *Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."* 42 U.S.C.A. § 405(g)."

Both the Defendant and the Plaintiff agree that this action is governed by this provision. (See Pl. Compl. at p. 2 and Def. Motion to Dismiss at p. 3-4).

The Act places a clear and unequivocal time limitation in Section 405(g) on the right of a plaintiff to bring a civil action in federal court requesting review of the denial of Social Security Benefits. A plaintiff must file such an action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner" allows. 42 U.S.C.A. § 405(g). The Commissioner has determined that the term "mailing" means the date that the plaintiff receives the Appeals Council's notice of denial. 20 C.F.R. 422.210(c).[5] Furthermore, this section

---

[5] 20 C.F.R. 422.210(c) provides: (c) Time for instituting civil action. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary. Where pursuant to the expedited appeals procedures an agreement has been entered into under 42 CFR 405.718c, a civil action under section 205(g) of the Act must be commenced within 60 days from the date of the signing of such agreement by, or on behalf of, the Commissioner, except where the time described in the first sentence of this paragraph (c) has been extended by the Commissioner upon a showing of good cause. Where pursuant to the expedited appeals procedures an agreement has been entered into under §§ 404.926, 410.629d, or 416.1426 of this chapter, a civil action under section 205(g) of the Act must be commenced within 60 days after the date the individual receives notice (a signed copy of the agreement will

provides that the date of receipt is presumed to be five days after the date of such notice, unless the Plaintiff can make a reasonable showing otherwise. Id.

In this case, the Commissioner's final decision, as indicated by the Appeals Council's notice of denial, was made on January 13, 2005 (Herbst Decl. Exhibit 1 at p. 1).  The Plaintiff filed this action requesting judicial review of the Commissioner's final decision on November 21, 2005.  As the plaintiff has not made any showing otherwise, it is presumed that the Plaintiff received notice of the decision on January 18, 2005, pursuant to 20 C.F.R. 422.210(c).  The statute provides that since the Plaintiff received notice on January 18, 2005, she then had sixty days to file a civil action for review of the Commissioner's final decision by March 19, 2005.  The Plaintiff failed to file her civil action until November 21, 2005.  As such, the Plaintiff's action was filed three hundred and seven days (307) after the date of notice of decision as defined by the regulations.

The Plaintiff presents no evidence that the Commissioner granted any extended time allowance for her to file her action pursuant to 42 U.S.C.A. § 405(g).  Nor does the Plaintiff present any evidence which would establish that notice of the decision was delayed  beyond  the  presumptive  provisions  of  20  C.F.R. 422.210(c).

---

be mailed to the individual and will constitute notice) of the signing of such agreement by, or on behalf of, the Commissioner, except where the time described in this paragraph (c) has been extended by the Commissioner upon a showing of good cause.

Accordingly, the Plaintiff's action for review of the Commissioner's denial of Social Security Benefits is time barred and this court has no jurisdiction to review the Plaintiff's denial of benefits claim under 42 U.S.C. § 405(g) and (h).

## **CONCLUSION**

For the reasons set forth above, I conclude that this court has no jurisdiction over the Plaintiff's action because it is time barred pursuant to 42 U.S.C. § 405(g) and (h).  Therefore, the Defendant's motion to dismiss the Plaintiff's action is granted.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____\
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         January 22, 2008